UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH D. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | 3 09 0741 |
| | ) | |
| v. | ) | No. 3:09mc0162 |
| | ) | JUDGE HAYNES |
| CANNON COUNTY JAIL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, a prisoner in the Cannon County Jail in Woodbury, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Cannon County Jail; Billy Nichols, Sheriff of Cannon County; and Anne Nichols, Jail Administrator. Plaintiff factual allegations are as follows:

1. Have blood in urine and denied medical care.

2. Grievance system does not work, no one gets responses.

3. I have an extremely hard time urinating – no medical care.

4. I have depression that is progressively becoming worse and cannot get to see a doctor.

5. Cannot sleep – no medical care.

(Docket Entry No. 1, ¶ IV, p. 5)

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

As to Defendant Cannon County Jail, "persons" who can be sued under § 1983 must be "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). A Sheriff's office is not a bodies politic, and as such are not "persons" within the meaning of § 1983, *see Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), jails and prisons also are not "persons" within the meaning of § 1983.

Given the denial of any medical care for an obvious serious medical conditions, the Court concludes that these allegations suggest that the Defendant, as jail administrator could be liable under Section 1983. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1247-48 (6th Cir. 1989); *see also Estelle v. Gamble*, 429 U.S. 97 (1976).

There are not any special pleading requirements for a claim against a municipality or court.

2

Under <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (U.S. 1993), notice pleading is sufficient for a § 1983 claim against local governments, and no particularized pleading is required.

An appropriate Order will be entered.

William J. Haynes, Jr.
United States District Judge